UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO.  1:16-cv-75-GNS
*(Electronically Filed)*

NIHAD HAJDAREVIC                                                                    PLAINTIFF

v.                                    **NOTICE OF REMOVAL**

EXPERIAN INFORMATION SOLUTIONS, INC.                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, Experian Information Solutions, Inc. ("Defendant" or "Experian"), by the undersigned counsel, hereby removes the above-entitled action from the Warren Circuit Court of the Commonwealth of Kentucky to the United States District Court for the Western District of Kentucky, Bowling Green Division, and in furtherance of this removal states as follows:

## I. INTRODUCTION

1.      There was commenced and is now pending in the Commonwealth of Kentucky, Warren Circuit Court, Division I, Civil Action No. 16-CI-00398, a lawsuit styled *Nihad Hajdarevic v. Experian Information Solutions, Inc.* (the "State Court Action").

2.      Defendant Experian was served with the Complaint on April 19, 2016.

3.      Defendant Experian served its Answer to the Complaint on May 6, 2016.

4.      A true and correct copy of the Complaint and Answer in the State Court Action are attached hereto.  Pursuant to 28 U.S.C. § 1446(a), the attached State Court Action documents constitute a copy of all process, pleadings, and orders served in the State Court Action.

4811-3108-7153.v1

5.       Plaintiff's Complaint asserts claims against Experian relating to alleged violations of Chapter 41, the Consumer Credit Protection Act, Title 15 (Commerce and Trade) of the United States Code, 15 U.S.C. § 1981, *et seq.* (the "Fair Credit Reporting Act" or "FCRA").

6.       This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*See* 28 U.S.C. § 1441(a).

## II.  FEDERAL QUESTION JURISDICTION

7.       Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8.       This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff has asserted claims against Experian based upon alleged violations of FCRA, which are federal consumer protection statutes.  (*See* Compl.; *see also* 15 U.S.C. §§ 1692, *et seq.*)  Accordingly, Plaintiff's FCRA claims arise under the laws of the United States and could have been originally filed in this Court.

## III.  ADOPTION AND RESERVATION OF DEFENSES

9.       Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Experian's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of:  (1) lack of jurisdiction over the person; (2) improper venue;

(3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV.  PROCEDURAL REQUIREMENTS

10.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11.     True and correct copies of "all process, pleadings, and orders" are attached hereto in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Experian to date in this case.

12.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Experian was served with process on April 19, 2016.

13.     Experian has sought no similar relief before.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Warren Circuit Court where the State Court Action was filed and pending prior to removal, is a state court within this federal district and division.

15.     Defendant Experian will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Warren Circuit Court as required under 28 U.S.C. § 1446(d).

4811-3108-7153.v1

Respectfully submitted,


*s/Margaret  Jane Brannon*
M. Jane Brannon
JACKSON KELLY, PLLC
175 East Main Street, Suite 500
Lexington, Kentucky   40507
rduncan@jacksonkelly.com
mjbrannon@jacksonkelly.com
(859) 255-9500; FAX: (859) 252-0688
*Counsel for Defendant Experian*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by First-Class, U.S. Mail, postage pre-paid, upon the following:

Zachary L. Taylor, Esq.
9900 Corporate Campus Drive
Suite 3000
Louisville, KY  40223
*Counsel for Plaintiff*

Ms. Brandi Duvall
Warren Circuit Court Clerk
Justice Center
1001 Center Street, Suite 102
Bowling Green, Kentucky  42101-2184


on this the 19th day of May, 2016.


*s/Margaret Jane Brannon*
Counsel for Defendant Experian

4

4811-3108-7153.v1